## BABCOCK vs. PENNIMAN.

APPEAL from the court of the first district.

MARTIN, J. delivered the opinion of the court. The defendant, sued for goods sold and delivered, has relied chiefly on the plea of infancy—there was judgment against him, and he appealed.

The record shews, that it was proved the defendant was born in the state of Massachusetts, in June, 1805, and in December, 1824, being then a resident of the state of Missis-

Minors in trade are not bound by contracts in trade, unless they be emancipated.
Marriage in the state of Mississippi, does not produce emancipation, nor make a promise binding, tho the promissee should be of this state.

sippi, he ordered the goods, the payment of which, is now claimed, to be sent him; his letter bearing date from Pinkneyville, M. T. November, 1824, and they were accordingly sent. By letters, dated at the same place, October 6, 1825, and April, 1826, he promised payment. He was married in December, 1825. From November, 1824, to his majority, in June, 1826, the defendant traded as a merchant in Pinkneyville. It is in evidence, that the common law of England prevails in the state of Mississippi, and that according to it, the age of majority is twenty-one, and minors cannot bind themselves legally, by their contracts for the purchase of goods to trade with. Emancipation is there unknown.

It does not appear that the defendant was ever in this state, but the plaintiff's counsel contends, that the circumstance that the goods having been sent, at the defendant's request, from the plaintiff's store, in New-Orleans, constitutes a sale in this state.

2. That minors in trade, may bind themselves for goods, even when they are not emancipated.

3. That if emancipation be necessary, the

defendant having been married in December,

1825, was thereby emancipated, and his posterior promise in April, 1826, is binding on him.

1. It is unnecessary for the defence of this case, to examine the first proposition. It may be taken as admitted.

2. Our civil code does not recognise any binding power in the contracts of minors, engaged in trade, except after their emancipation, art. 379, 1775, 1778, 1867 & 2222. It would be absurd to imagine, that minors of any age, under twenty-one, should be bound by mercantile contracts. The law does not withhold the protection it owes to persons of tender age, till they have reached their eighteenth year, and in the judgment of their father, or a family meeting, or the case of an orphan, the individual has, by emancipation, been declared to possess sufficient discretion, to be trusted with the management of mercantile concerns.

In this case, at the time the plaintiff parted with his goods, the vendee had reached his twentieth year, but he had not been emancipated. Under the laws of this state he was not legally bound.

BABCOCK
*vs.*
PENNIMAN.

3. It is true, in April, 1826, he had been married and promised to pay for the goods. Had the marriage taken place in this state and the promise; then perhaps, the marriage working emancipation, the promise would have been binding. It is, however, in the state of Mississippi, the domicil of the defendant. There marriage has no effect in removing the disabilities of infants, in contracts like the present: as this promise was invalid in the state of Mississippi, the circumstance of the promisee, being a citizen of this state, cannot give it validity.

It is, therefore, ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed, and that there be judgment for the defendant, with costs in both courts.

*Smith,* for the plaintiff, *Hoffman,* for the defendant.